## BOARD OF EDUCATION OF BALLARD COUNTY, KY., v. ILLINOIS CENT. R. CO.

(Circuit Court of Appeals, Sixth Circuit.   November 6, 1923.)

No. 3834.

Schools and school districts ⊚=33—Consolidation of graded school district with subdistricts held not authorized by Kentucky statutes.

Acts Ky. 1918, c. 138, § 5, relating to the procedure "in the event any graded common school and one or more subdistricts" are consolidated, *held* not to authorize the consolidation of a graded school district with one or more subdistricts or parts of subdistricts, especially in view of Acts, Ky. 1920, c. 46.

Appeal from District Court of the United States, Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit by the Illinois Central Railroad Company against the Board of Education of Ballard County, Ky., to enjoin collection of special school tax. Decree for plaintiff, and defendant appeals. Affirmed.

Henry F. Turner, of Wickliffe, Ky. (John D. Carroll, of Frankfort, Ky., on the brief), for appellant.

John C. Doolan, of Louisville, Ky. (John T. Quisenberry and Trabue, Doolan, Helm & Helm, all of Louisville, Ky., R. V. Fletcher, of Chicago, Ill., John E. Kane, of Bardwell, Ky., and Wm. T. White, of Wickliffe), for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. This is an appeal from the final decree of the District Court enjoining the collection of a special school tax levied May 11, 1920, by the county board of education of Ballard county, Ky., for Wickliffe consolidated school district No. 5 for the year 1921. Prior to the consolidation, Wickliffe was a graded school district. The consolidated district comprises the original Wickliffe graded school district, a part of Cane Creek, all of Rollins or Cocke, and all of East

⊚=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Cairo subdistricts. A vote of the qualified electors residing in the territory proposed to be included in the Wickliffe consolidated school districts was taken, resulting in 365 votes being cast in favor and 21 against it.

The questions involved are: First, whether the Wickliffe consolidated school district No. 5 was lawfully consolidated under the laws of Kentucky; and, second, whether the levy and collection of this tax would be in violation of the Fourteenth Amendment to the Constitution of the United States. It is claimed on the part of the appellee that the statutes of Kentucky did not then authorize the consolidation of graded school districts and subdistricts. It is admitted by the appellants that sections 80, 84 and 145 of the Acts of 1916, chapter 24, pages 205, 206, 242, and 243, do not authorize such consolidation, but it is insisted that section 5 of the Acts of 1918, chapter 138, pages 574, 591, authorizes the consolidation of graded school districts with subdistricts or parts of subdistricts.

This section does not purport to amend sections 80, 84 or 145 of the act of 1916, nor does it in terms authorize the consolidation of graded and subdistricts. On the contrary its provisions relate solely to procedure "in the event any graded common school and one or more subdistricts" are consolidated. For this reason we are of the opinion that this section cannot be construed as authorizing the consolidation of the graded school district with one or more subdistricts or parts of subdistricts.

It is true that the provisions of this section contemplate existing authority at that time, for the consolidation of graded school districts and subdistricts; but since this consolidation has been attempted the Legislature of Kentucky has passed an act (chapter 46 of the Acts of 1920, pages 201, 203), authorizing the consolidation of graded school districts and subdistricts. This later act would have been wholly useless and unnecessary, if, in the opinion of the Legislature of Kentucky, section 5 of chapter 138 of the Acts of 1918 authorized such consolidation.

It is unnecessary for this court to consider or determine whether the levy and collection of this tax, sought to be enjoined in this action, would be in violation of the Fourteenth Amendment. If there shall be another consolidation under the new law, and all this part of the county is divided into several consolidated districts, so that plaintiff's property would naturally fall into one or another of them, the question of confiscation will have a new aspect, which it would be wholly inappropriate to consider at this time.

The judgment of the District Court is affirmed solely for the reason that in the opinion of this court the statute of Kentucky did not, at the time this consolidation was attempted, authorize the consolidation of a graded school district with subdistricts or parts of subdistricts.